IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,148-01






EX PARTE JOSEPH DENNIS LEWIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1060932-A IN THE 178TH JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. Lewis
v. State, No. 14-07-00377-CR (Tex. App. - Houston [14th Dist.], May 29, 2008). 

 Applicant contends that he was denied his right to petition this Court for discretionary
review, because appellate counsel failed to timely advise him that the court of appeals had affirmed
his conviction, and of his right to petition for discretionary review pro se. In support of his claim,
Applicant provides a copy of an inmate request form with a response from the prison mail room. 
Applicant provides these documents to prove that he did not receive any legal mail from his appellate
counsel during the applicable period for filing a petition for discretionary review. 

 Appellate counsel has provided an affidavit with attachments to show that he did timely
inform Applicant of the court of appeals' decision, and of his right to pursue discretionary review
in this Court. The trial court has entered findings of fact and conclusions of law, finding appellate
counsel's affidavit to be credible, and the facts asserted therein to be true.

 There is still a possibility, supported by Applicant's documentation, that Applicant never
received appellate counsel's notification of the result of the appeal and of his right to pursue further
review pro se. See Ex parte Riley, 193 S.W.3d. 900 (Tex. Crim. App. 2006). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain authenticated documentation from the mail room in the prison unit where Applicant was
held during the period between May 29, 2008, and July 29, 2008, indicating whether Applicant did
or did not receive legal mail from appellate counsel during this period. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant timely received
notification from appellate counsel that his conviction had been affirmed on direct appeal, and that
he had a right to pursue discretionary review pro se. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: July 1, 2009

Do not publish